KULIK GOTTESMAN & SIEGEL LLP
Glen L. Kulik, Esq. (SBN 082170)
Patricia Brum, Esq. (SBN 296629)
15303 Ventura Boulevard, Suite 1400
Sherman Oaks, California  91403
Telephone:  (310) 557-9200
Facsimile:   (310) 557-0224
gkulik@kgslaw.com; pbrum@kgslaw.com

Attorneys for Plaintiffs

KATTEN MUCHIN ROSENMAN LLP
David Halberstadter, Esq. (SBN 107033)
Gloria Franke Shaw, Esq. (SBN 246390)
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  (310) 788-4400
Facsimile:   (310) 788-4471
david.halberstadter@kattenlaw.com; gloria.shaw@kattenlaw.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN FRIEDMAN and FSZ MEDIA, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DIRECTV, a Delaware corporation; DIRECTV HOLDINGS, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO.:  CV 15-0844 JEM<br><br>**JOINT REPORT PURSUANT TO FED. R. CIV. PROC. 26(f)**<br><br>Action Filed:　February 05, 2015<br>Trial Date:　　None Set |

Pursuant to Federal Rule of Civil Procedure 26(f) and Central District Local Rule 26-1, counsel for Plaintiffs Steven Friedman and FSZ Media, LLC (collectively, "Plaintiffs") and counsel for Defendants DIRECTV and DIRECTV HOLDINGS, LLC (collectively, "DIRECTV") held an early meeting of counsel on April 3, 2015. The parties respectfully submit the following joint Rule 26(f) report.

**1.  Subject Matter Jurisdiction**

Subject matter jurisdiction is proper in this case based on diversity of citizenship, 28 U.S.C § 1332.

**2.  Statement of Claims and Defenses**

**Plaintiffs' Statement**

Plaintiffs allege they created a detailed concept and business plan for a proposed television channel known as "Fantasy Sports Zone" that would be dedicated entirely to fantasy sports covering the entire United States. Between 2012 and 2013, Plaintiffs presented the idea for sale to DIRECTV, orally and in writing. DIRECTV's executives repeatedly assured Plaintiffs that DIRECTV had never been pitched or considered such a concept nor was it working on a similar idea at the time. Relying on these assurances, and upon DIRECTV's request, Plaintiffs developed and submitted for DIRECTV's consideration, a business plan, powerpoint presentation, market data report, and even a sample episode of the show. Plaintiffs and several DIRECTV high-level executives met and spoke throughout 2013 to discuss Plaintiffs' concept. Terms of a contract were presented and negotiated, and the parties made plans for the launch. However, on February 12, 2014, Plaintiffs were suddenly and unexpectedly notified that DIRECTV was passing on the "Fantasy Sports Zone" concept because it felt fantasy sports was more of a web-based commodity. However, on or about July 7, 2014, DIRECTV issued a press release announcing the launch of its own "Fantasy Zone Channel" which is a wholly owned channel dedicated to fantasy football across the United States. Based on the

foregoing facts, Plaintiffs assert four causes of action against DIRECTV: (1) Breach of Implied-In-Fact Contract; (2) Breach of Confidence; (3) Fraud; and (4) Negligence.

**DIRECTV's Statement**

Plaintiffs' complaint alleges that DIRECTV used Plaintiffs' ideas for a fantasy sports television network – Fantasy Sports Zone ("FSZ") – to create DIRECTV's *Fantasy Zone Channel*. Plaintiffs further allege that DIRECTV made misrepresentations to Plaintiffs in 2013 regarding whether DIRECTV was working on a fantasy sports network like FSZ in order to induce Plaintiffs to share their ideas for FSZ. Plaintiffs' claims are without merit. The undisputed evidence will demonstrate that the concept for *Fantasy Zone Channel* had been in consideration since 2004 and the *Fantasy Zone Channel* was independently created and developed by DIRECTV, with the assistance of a third-party consultant, based upon DIRECTV's already popular NFL-based *Red Zone Channel*. The independent creation of *Fantasy Zone Channel* is dispositive of Plaintiffs' claims for breach of implied contract and confidence.

The evidence will also demonstrate that aside from the fact that DIRECTV's *Fantasy Zone Channel* and Plaintiffs' proposed FSZ network both involve fantasy sports on a generic level, DIRECTV's program and Plaintiffs' proposed network are almost entirely unlike. FSZ was contemplated to be a 24/7, year-round fantasy sports network that covered all fantasy sports (e.g., NFL football, NCAA football, NBA basketball, MLB baseball, PGA tour, NASCAR). *Fantasy Zone Channel*, by contrast, focuses on *only* NFL football; it airs on *only* Sundays during the NFL season and *only* during the time period during which NFL games are being played on that day; and it is available *only* to subscribers to DIRECTV's NFL Sunday Ticket Max package. DIRECTV therefore did not use Plaintiffs' ideas in any manner.

Finally, the undisputed evidence will demonstrate that precisely because Plaintiffs' proposed FSZ network was so significantly different from the *Fantasy Zone Channel*, DIRECTV considered Plaintiffs' concept in good faith and honestly represented to Plaintiffs that DIRECTV was not working on a similar network.

DIRECTV intends to file Special Motion to Strike Plaintiffs' Complaint pursuant to Cal. Civ. Proc. Code § 425.16 on the grounds that: (1) the alleged conduct by DIRECTV upon which Plaintiffs' claims are based was in furtherance of DIRECTV's exercise of free speech and involved a matter of public interest; and (2) Plaintiffs are unlikely to prevail on their claims for the reasons set forth above.

### 3. Joint Proposed Schedule

| | |
|---|---|
| Deadline to file Special Motion to Strike (Anti-SLAPP) | April 28, 2015 |
| Deadline to Add Parties or Claims | October 9, 2015 |
| Fact Discovery Cutoff | November 13, 2015 |
| Deadline for Expert Disclosures | December 11, 2015 |
| Deadline for Rebuttal Expert Disclosures | January 12, 2016 |
| Last Day to Hold Expert Depositions | February 12, 2016 |
| Last Day to Hear Dispositive Motions | January 29, 2016 |
| Last Day to Hear Pre-Trial Motions | February 26, 2016 |
| Final Pre-Trial Conference | March 18, 2016 |
| Trial | April 4, 2016[1] |

### 4. Discovery Plan

Plaintiffs intend to serve requests for admission, interrogatories, and document requests. Plaintiffs will need to take depositions of DIRECTV's employees and representatives and, potentially, third parties. DIRECTV intends to serve requests for admission, interrogatories, and document requests. DIRECTV will need to take depositions of Plaintiffs' principals and, potentially, third parties. A litigation hold has

---

[1] The Parties have submitted a proposed schedule in compliance with Rule 26. However, as mentioned above, DIRECTV **plans** to file a Special Motion to Strike Plaintiff's Complaint ("Motion"), from which either party has an automatic right to appeal. As such, any ruling on the Motion will likely trigger an appeal by the unsuccessful party, resulting in the vacating of any trial-related deadlines.

already been put in place to preserve documents and other electronically stored information.

### 5. Trial

Both sides are requesting a trial by jury. The parties estimate the evidence phase of the trial will last 14 days, six days for the case-in-chief presented by Plaintiffs, six days for DIRECTV's defense, and two days for jury selection, opening statements, and closing arguments. The name of the trial attorney for Plaintiffs is Glen L. Kulik. The name of the trial attorney for DIRECTV is David Halberstadter.

### 6. Settlement

During the initial conference, the parties agreed to extend by two weeks the time for DIRECTV to file a Special Motion to Strike Plaintiffs' Complaint pursuant to Cal. Civ. Proc. Code § 425.16 so that the parties may consider Defendants' independent creation evidence. The Court entered an order upon the parties' stipulation. If appropriate, settlement negotiations will follow the exchange of this independent creation evidence.

### 7. Complex Case

The parties agree that this is not a complex matter.

### 8. Additional Parties

The parties do not currently anticipate joining any additional parties. However, should additional defendants be identified during discovery, Plaintiff reserves the right to add additional parties based upon newly discovered evidence.

**9.  Contemplated Motions**

Special Motion to Strike Plaintiffs' Complaint (Anti-SLAPP Motion).

Motion for Summary Judgment by Defendants.

**10.  Unusual Legal/Evidentiary Issues**

The parties do not foresee any unusual legal or evidentiary issues presented by this case.

**11.  Severance, Bifurcation, and Order of Proof**

The parties do not presently believe that severance or bifurcation of any issue is necessary in this action.

**12.  Expert Witnesses**

Except as otherwise provided above, the parties do not, at present, anticipate any need to provide for expert scheduling rules any different than those specified in Rule 26(a)(2)(c).

**13.  Rule 26(f)(1) Arrangement for Disclosures Required by Rule 26(a)(1)**

Pursuant to Federal Rule of Civil Procedure 26(a), and by agreement of the parties, initial disclosures will be exchanged by April 17, 2015.

**14.  Rule 26(f)(3) Subjects on Which Discovery May Be Needed**

The parties anticipate that discovery will encompass the following topics:

a.  The creation, if any, of an implied-in-fact contract between the parties;

b.  The alleged breach of contract by DIRECTV;

c.  Whether Plaintiffs presented the fantasy sports television network concept to DIRECTV and/or third parties;

     d.    Communications between Plaintiffs and DIRECTV regarding Plaintiff's fantasy sports television network;

     e.    The value of Plaintiffs' fantasy sports television network concept;

     f.    Plaintiffs' damages, if any, as a result of the alleged breach;

     g.    DIRECTV's defenses, including the defense of independent creation and lack of substantial similarity.

The parties anticipate that additional subjects may arise during the course of discovery and hereby reserve the right to augment the subjects listed above.

### 15. Rule 26(f)(3) Discovery of Electronically Stored Information

For the time being, the parties agree to produce documents in hard copy form. If either party has voluminous records responsive to discovery requests, or if discovery is needed in different formats, the parties will discuss the form of production at that point. The parties agree to consider providing documents in their native format if the discovery requested is voluminous and/or production in hard copy format is impracticable for the producing party.

### 16. Rule 26(f)(5) Proposed Changes to Discovery Limitations

Except as otherwise provided above, there are no proposed changes to the existing discovery limitations other than those proposed herein.

### 17. Rule 26(f)(6) Other Orders the Court Should Enter

The parties intend to stipulate to a protective order governing confidential information to be exchanged in discovery. To the extent that financial information regarding the parties' businesses, revenues or profits are exchanged, such information is

/ / /

/ / /

competitively sensitive and confidential and will be the subject of confidentiality pursuant to the parties' stipulated protective order.

Dated: April 16, 2015                    KATTEN MUCHIN ROSENMAN LLP


                                         By:  /s/ Gloria Franke Shaw
                                              Gloria Franke Shaw
                                              Attorney for Defendants
                                              DIRECTV and DIRECTV Holdings, LLC


Dated: April 16, 2015                    KULIK GOTTESMAN & SIEGEL, LLP


                                         By:  /s/ Glen L. Kulik
                                              Glen L. Kulik
                                              Attorney for Plaintiffs
                                              Steven Friedman and FSZ Media, LLC