David Halberstadter (CA 107033)
david.halberstadter@kattenlaw.com
Gloria Franke Shaw (CA 246390)
gloria.shaw@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA  90067-3012
Telephone:  310.788.4400
Facsimile:   310.788.4471

Attorneys for Defendants
DIRECTV and DIRECTV HOLDINGS, LLC

Glen L. Kulik (CA 082170)
gkulik@kgslaw.com
Patricia Brum (CA 296629)
pbrum@kgslaw.com
KULIK GOTTESMAN & SIEGEL LLP
15303 Ventura Boulevard, Suite 1400
Sherman Oaks, CA  91403
Telephone:  310.557.9200
Facsimile:   310.557.0224

Attorneys for Plaintiffs
Steven Friedman and FSZ Media, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN FRIEDMAN AND FSZ MEDIA, LLC,<br><br>          Plaintiffs,<br><br>     v.<br><br>DIRECTV, a Delaware corporation; DIRECTV HOLDINGS, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 15-CV-00844 JEM<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER RE: PROTECTION OF CONFIDENTIAL MATERIAL**<br><br>[Assigned to the Honorable John E. McDermott] |

This Stipulation Regarding Protection of Confidential Documents and Information (the "Stipulation") and [Proposed] Order Thereon (the "Order") is made with respect to the following:

WHEREAS, the parties to this action expect discovery to involve the disclosure of confidential and proprietary business or financial documents and information;

WHEREAS, it is in the best interests of the parties that confidential documents and information be used solely for purposes of litigation and not for other purposes; and

WHEREAS, in light of the foregoing, the parties desire to establish procedures that will be fair and expedite appropriate discovery of confidential material;

Accordingly, it is hereby stipulated and agreed by and between plaintiffs Steven Friedman and FSZ Media, LLC (collectively, "Plaintiffs"), on the one hand, and defendants DIRECTV and DIRECTV HOLDINGS, LLC (collectively, "Defendants"), on the other hand, through their respective counsel of record, as follows:

1. <u>"Confidential Material" Defined</u>. The term "Confidential Material" as used in this Order shall mean all "documents," as that term is defined in Fed. R. Civ. P. 34, information and/or things reasonably deemed by any party to this action, or any third party, to contain confidential or sensitive financial, business, commercial, proprietary, trade secret[1] or personal information and designated as Confidential Material as follows:

   A. In the case of documents and things (e.g., CD ROMS or other digital media), and the information contained therein, designation shall be made by the designating party affixing the following legend placed on any such document or thing:

---

[1] "Trade secrets" shall mean "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure; or (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d).

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL."

      B.    In the case of depositions and the information contained in depositions (including exhibits), Confidential Material shall be designated by counsel for the designating party making a statement to such effect on the record in the course of the deposition, or by so advising all parties which pages contain Confidential Material within twenty (20) business days after receipt of the transcript. The designating party alone shall have the discretion whether to designate as Confidential Material the entire transcript or the portion of the transcript (including exhibits) which contains Confidential Material. If such designation is made, the original and each copy of the transcript shall bear substantially the following legend on the cover thereof or, alternatively, the portion or portions of the deposition containing Confidential Material shall be separately transcribed and the transcripts of such portion or portions shall bear substantially the following legend on the cover thereof: "CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER. Not to be used or disclosed except as expressly authorized by Order of the Court."

      This Protective Order does not preclude presenting the original of the transcript in its entirety to the deponent for review, correction and signing, nor does it preclude delivery by the reporter of copies of deposition transcripts containing and/or annexing Confidential Material, in their entirety and marked with the legend or legends provided above, to litigation counsel for parties to this Protective Order, which transcripts shall then be maintained by such litigation counsel in accordance with the provisions of this Protective Order.

      C.    Except as provided in paragraph 1.B., above, the designating party shall make a good faith effort to denominate as "Confidential Material" only such documents, information and/or things which the designating party reasonably believes constitute confidential financial, business, commercial, proprietary, trade secret or

personal information, and which the designating party believes, if publicly disclosed, would cause present or future injury to, or otherwise constitute an unwarranted invasion of, the privacy or commercial or business interests of the designating party.

2. <u>Authorized Persons</u>. Confidential Material shall be used solely for the purpose of conducting this litigation and not for any business or other purpose whatsoever. For the purpose of conducting this litigation, Confidential Material may be disclosed, copied and used by the parties to which it is produced to and by the following persons only, and may not be disclosed to anyone not expressly authorized in this Order:

A. The attorneys in the law firms currently representing each of the parties in the above-entitled action, KULIK, GOTTESMAN & SEIGEL, LLP (attorneys for Plaintiffs) and KATTEN MUCHIN ROSENMAN LLP (attorneys for Defendants), or associated or successor counsel of record for any party in this action, or any in-house counsel for any party in this action, and their respective partners, associates, employees, secretaries, paralegal assistants and other employees who are actively participating in the prosecution or defense of this matter;

B. Any other attorneys, accountants and/or experts or consultants employed or consulted by counsel described in 2.A. above for the purpose of this litigation;

C. Any party to this action, and any officers, directors, employees or shareholders of any party to this action;

D. Any Court having jurisdiction over the parties, and any court personnel;

E. Deponents;

F. Stenographic and court reporters engaged for depositions;

G. Potential witnesses at trial; and

H. Such other persons as the parties may designate by written stipulation or by order of the Court.

All Confidential Material disclosed hereunder shall at all times be retained in the custody of counsel described in 2.A. above. In the event that the receiving party deems it necessary to disclose Confidential Material to a third party witness in any circumstance except at deposition or at trial, counsel for the receiving party shall require, before such disclosure, that every such person to whom disclosure will be made read this Order and execute a declaration in the form of Attachment A, stating that the person has read and understands this Order and agrees to be bound by its terms. The undersigned counsel shall maintain a file containing the declaration executed by each such person to whom disclosure of Confidential Material is made. Confidential Material may be disclosed to a third party witness who is being deposed even if such third party witness refuses to sign a copy of Attachment A, so long as such third party witness is instructed on the record about the terms and effect of this Order.

3. <u>Designation of Information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."</u> The parties may further designate certain Confidential Material reasonably believed in good faith to be highly confidential and/or proprietary in nature such that the disclosure of such Confidential Material to the other party or parties would provide them with an unfair competitive advantage if used for any purpose other than this litigation as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such designation shall be made in the same manner as the designation of any other Confidential Material as "CONFIDENTIAL" hereunder, and except as otherwise provided, each paragraph and sub-section herein, shall also apply to Attorneys' Eyes Only Material(s). Attorneys' Eyes Only Material(s) and the information contained therein, shall be disclosed only to the persons identified in paragraphs 2.A., 2.B. and 2.D.-H. In addition to complying with all other paragraphs herein, any witness to whom Attorneys' Eyes Only Material(s) is shown shall not be permitted to copy or take notes from or about such materials.

Attorneys' Eyes Only Material(s) and the information contained therein shall not be disclosed to a party, or to an officer, director, or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorneys' Eyes Only Material(s) is made pursuant to this paragraph, all other provisions in this Stipulation and Order shall also apply.

4. <u>Objections to Designation</u>. In the event that any party objects to the designation of documents or other items as Confidential Materials, the objecting party shall advise the designating party of the objection(s) in writing. The objecting party and the designating party must meet and confer about the propriety of any disputed designation before the objecting party moves the Court to challenge the designation. Should an objecting party so move, the designating party will bear the burden of establishing good cause for the disputed designation. Such disputed documents or discovery materials shall be deemed Confidential Material unless and until the Court rules otherwise. Nothing in this Order, however, prevents a party who designated a documents as Confidential Material from agreeing to remove or modify the designation.

5. <u>Use in Court Proceedings</u>. Unless otherwise ordered by the Court, or agreed by the parties, where any Confidential Material, Attorneys' Eyes Only Material, and/or information derived therefrom in any papers filed with the Court for proceedings other than trial, such papers shall be (i) marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or be marked with words of similar meaning; (ii) placed in a sealed envelope marked with the caption of the case, a general description of the contents of the envelope, and a statement substantially in the following form: "Filed under seal. This envelope contains documents subject to a Protective Order entered in this action. It is not to be opened nor are the contents hereof to be displayed, revealed, or made public except by the Court and its staff, or upon order of the Court."; and (iii) presented to the Court in accordance with United

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

States District Court for the Central District of California Local Rule 79-5, which provides as follows:

> **L.R. 79-5.1 Filing Under Seal or In Camera - Procedures**. Except when authorized by statute or federal rule or the Judicial Conference of the United States, no case or document shall be filed under seal or in camera without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal or in-camera filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing. Applications and proposed orders to seal or file in camera, along with the material to be sealed or submitted in camera, shall not be electronically filed but shall be presented to the Clerk for filing in paper format, in the manner prescribed by Local Rule 79-5. Unless the filer is exempted from electronic filing pursuant to L.R. 5-4.2(a), a Notice of Manual Filing shall first be electronically filed identifying the materials being manually filed. A copy of the Notice of Manual Filing, together with its NEF (see L.R. 5-3.2.1), shall be presented with the documents presented for filing.

Nothing in this Stipulation affects the admissibility of any documents, testimony or other evidence at trial or restricts the use of any information at trial.

6. <u>Things to Be Returned</u>. Within ninety (90) days after the final disposition of this action (i.e., settlement or final judgment and exhaustion of all

appeals), all Confidential Materials produced by a party (including, without limitation, any copies, extracts or summaries thereof) shall be delivered to counsel for the designating party or, at the option of counsel for the receiving party, shall be destroyed, and each counsel shall, by declaration delivered to all adverse counsel, affirm that all such Confidential Materials (including, without limitation, any copies, extracts or summaries thereof) have been returned or destroyed; provided, however, that each counsel shall be entitled to retain pleadings, memoranda, declarations or affidavits, and/or deposition transcripts and videotapes which attach, contain or refer to any Confidential Materials (including, without limitation, any copies, extracts or summaries thereof), but only to the extent necessary to preserve a litigation file with respect to this action.

7. <u>Copies</u>. All copies of any Confidential Material shall also constitute, and be treated as, Confidential Material as provided in this Order. Any person or entity making, or causing to be made, copies of any Confidential Material, shall make certain that each copy bears the appropriate legend pursuant to the requirements of this Order.

8. <u>Extracts and Summaries</u>. Any extracts or summaries of any Confidential Material shall also constitute, and be treated as, Confidential Material as provided in this Order, even if the extracts or summaries are not marked with a confidential designation.

9. <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate information and/or documents as "Confidential" in accordance with this Order at the time of production may be remedied by supplemental written notice. If such notice is given, the identified materials shall thereafter be fully subject to this Order as if they had been initially designated as "Confidential," provided that there shall be no sanction for any use or disclosure of such information and/or documents prior to designation. The party to whom production was made shall comply with paragraph 2, above, with respect to anyone to whom information that is later designated as

8

JOINT STIPULATION AND ORDER RE: PROTECTION OF CONFIDENTIAL MATERIAL
US_106063746v2_213378-00052

1 "Confidential" has been disclosed (i.e., provide a copy of this Order and have each person execute a declaration in the form of Attachment A, stating that the person has read and understands this Order and agrees to be bound by its terms).

10. <u>Inadvertent Production of Privileged Information or Documents.</u> The inadvertent production or disclosure of any Confidential Material shall not by itself constitute a waiver or impairment of any claim of privilege or any protection under this Order. All parties, however, reserve all rights to challenge the privileged or protected status of such inadvertent production or disclosure. Upon learning that information protected from discovery by the attorney-client privilege or the work product doctrine has been inadvertently produced or disclosed, the party to whom the production was made shall make good faith and reasonable efforts to reclaim any such document and copies thereof that may have been provided to any third party and/or to prevent further disclosures or dissemination of such information, and shall return to the producing party all such inadvertently produced material.

11. <u>No Wavier.</u> No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence. Nor shall the designation, or lack of designation of a particular document constitute evidence that the document is, or is not in fact Confidential or Proprietary.

12. <u>Violation of Order.</u> In the event any party, person or entity violates or threatens to violate any terms of this Order, the parties agree that the designating party may immediately apply to obtain injunctive or other provisional relief against said party, person or entity violating or threatening to violate any of the terms of this Order. Such injunctive or other provisional relief is in addition to all other remedies available to the designating party. In the event the designating party seeks such relief, the party, person or entity subject to the provisions of this Order, and against whom such relief is sought, shall not employ as a defense thereto the claim that the designating party possesses an adequate remedy at law. The parties and any other

person or entity subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

13. <u>Subpoena of Confidential Documents</u>.  If at any time any Confidential Material protected by this Order is subpoenaed, or otherwise requested by any other person or entity purporting to have authority to require the production of any such document or information, from the non-designating party, the non-designating party shall give prompt written notice thereof to the designating party before making any disclosures or productions.

14. <u>Continuation of Protection After Disposition</u>.  The termination of the proceeding shall not relieve the parties from the obligation of maintaining the confidentiality of all Confidential Material produced and designated pursuant to this Order, unless the Court orders or the parties agree otherwise.

15. <u>Miscellaneous.</u>

A. Term.  This Order shall remain in effect until further order of Court.

B. Modification.  This Stipulation is entered into without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Stipulation.  Further, the parties may amend or modify any provision of this Stipulation by mutual agreement.

C. Counterparts.  This Stipulation may be executed in multiple counterpart copies, and by facsimile, each of which shall be deemed an original, and all, when taken together, shall constitute the Stipulation.

STIPULATED AND AGREED TO:

Dated:  May 26, 2015      KATTEN MUCHIN ROSENMAN LLP
                          David Halberstadter
                          Gloria Franke Shaw

                          By: _____/s/_____
                              Gloria Franke Shaw
                          Attorneys for Defendants DIRECTV and DIRECTV HOLDINGS, LLC

1

2   Dated: May 26, 2015              KULIK GOTTESMAN & SIEGEL LLP
                                     Glen L. Kulik
3                                    Patricia Brum

4
                                     By:  _____/s/_____
5                                              Glen L. Kulik
                                     Attorneys for Plaintiffs
6                                    STEVEN FRIEDMAN and FSZ MEDIA, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Katten**
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

# ORDER RE STIPULATION

Pursuant to stipulation and good cause appearing therefore, IT IS HEREBY ORDERED that all discovery in this matter shall be subject to the within Stipulation regarding the treatment of Confidential Material.

Dated:  May 27, 2015            _____
                                 The Honorable John E. McDermott
                                 UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

**DECLARATION**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Order re: Protection of Confidential Material that was issued by the United States District Court for the Central District of California in the case of entitled <u>Friedman v. DIRECTV</u>, Case No. 15-CV-00844 JEM. I agree to comply with and to be bound by all the terms of this Stipulation and Order re: Protection of Confidential Material and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation and Order re: Protection of Confidential Material to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulation and Order re: Protection of Confidential Material, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name], of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

JOINT STIPULATION AND ORDER RE: PROTECTION OF CONFIDENTIAL MATERIAL